1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL L. MCKUIN,                    No.  2:19-cv-02153-DAD-DB (HC)

12                  Petitioner,            ORDER ADOPTING FINDINGS AND
                                           RECOMMENDATIONS AND DENYING
13        v.                               PETITION FOR HABEAS RELIEF

14   ROBERT NEUSCHMID,                     (Doc. Nos. 1, 41)

15                  Respondent.

16

17        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2016 first degree murder conviction

19   entered in the San Joaquin County Superior Court.  In his petition for federal habeas relief,

20   petitioner asserts the following claims:  (1) ineffective assistance by his appellate counsel in

21   failing to challenge the sufficiency of the evidence to support the conviction; (2) insufficient

22   evidence to support his first degree murder conviction; and (3) ineffective assistance of both trial

23   and appellate counsel in failing to challenge the admissibility of DNA expert testimony at his

24   trial.  (Doc. No. 1 at 5–8.)  The matter was referred to a United States Magistrate Judge pursuant

25   to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

26        On April 6, 2023, the assigned magistrate judge issued findings and recommendations

27   recommending that the pending petition for federal habeas relief be denied.  (Doc. No. 41.)

28   Specifically, the findings and recommendations found, as to petitioner's claim that there was

                                          1

insufficient evidence to support the jury's guilty verdict as to the first degree murder charge, that although there was arguably some conflicting evidence introduced at petitioner's trial, the state court's finding that there was sufficient evidence to support his conviction was not objectively unreasonable. (*Id.* at 11–15.)[1]  With respect to petitioner's ineffective assistance of appellate counsel claim, the findings and recommendations found that the state court reasonably concluded that no deficient performance was rendered; noting that in the opening brief on petitioner's appeal his counsel raised the issue of the sufficiency of the evidence and cited the decision in *Jackson v. Virginia*, 443 U.S. 307 (1979) in support of that argument. (*Id.* at 16.)  Finally, as to petitioner's claim that both his trial and appellate counsel rendered ineffective assistance by failing to challenge the admissibility of DNA expert testimony at his trial, the findings and recommendations concluded that petitioner had failed to establish any prejudice stemming from the allegedly deficient performance of his counsel in this regard. (*Id.* at 16–17.)  Accordingly, it was recommended that the pending petition for federal habeas relief be denied. (*Id.* at 17.)

The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within thirty (30) days of the date of their service. (*Id.* at 17.)  On May 25, 2023, petitioner filed lengthy objections to the pending findings and recommendations. (Doc. No. 42.)[2]  In those objections petitioner did not object to the recommendation that his ineffective assistance of trial counsel claim be rejected and failed to provide any basis for questioning the correctness of the analysis of his claims set forth in the pending findings and recommendations.  Rather, petitioner primarily repeats the arguments he previously presented in support of his petition for federal habeas relief–arguments which were

/////

---

[1]  The undersigned notes that in recommending that federal habeas relief be denied as to petitioner's insufficiency of the evidence claim, the findings and recommendations reflect a typographical error in stating "[b]ecause fairminded jurists could disagree with the state court's decision" and omitting the word "not" after "could" and before "disagree." (*See* Doc. No. 41 at 15:7.)

[2]  It appears that petitioner's objections were untimely filed even with application of the mail box rule.  Nonetheless, the court has fully considered those objections as if they were timely filed within the thirty-day period provided by the findings and recommendations.

1   thoroughly and appropriately addressed in the findings and recommendations.  (*Id*. at 1–46; *see*
2   *also* Doc. Nos. 1, 38.)[3]

3        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
4   *de novo* review of the case.  Having carefully reviewed the entire file, the undersigned concludes
5   that the magistrate judge's findings and recommendations are supported by the record and proper
6   analysis.  Therefore, the findings and recommendations will be adopted and petitioner's request
7   for federal habeas relief will be denied on the merits.

8        In addition, the court declines to issue a certificate of appealability.  A petitioner seeking
9   a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his
10  petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S.
11  322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court
12  may only issue a certificate of appealability if "jurists of reason could disagree with the district
13  court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the
14  issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S.
15  at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required
16  to prove the merits of his case, he must demonstrate "something more than the absence of
17  frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.  In the
18  present case, the court concludes that reasonable jurists would not find the court's determination
19  that the petition should be denied debatable or wrong, or that the issues presented are deserving of
20  encouragement to proceed further.  Petitioner has not made the required substantial showing of
21  the denial of a constitutional right.  Therefore, the court will decline to issue a certificate of
22  appealability.

23  /////

24  /////

----

25  [3]  In his objections, petitioner also suggests that he is innocent of the murder of which he was
26  convicted, that his conviction is an "injustice" and "unconstitutional" and somehow reflects
    prejudice against him based upon a perception that he is "lower class."  (Doc. No. 42 at 1.)
27  However, such arguments are unrelated to any of the claims (insufficiency of the evidence and
    ineffective assistance of trial and appellate counsel) presented in the pending petition for federal
28  habeas relief.

Accordingly:

1.    The findings and recommendations issued on April 6, 2023 (Doc. No. 41) are

adopted in full;

2.    The petition for writ of habeas corpus (Doc. No. 1) is denied;

3.    The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and

4.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **December 8, 2023**                        _Dale A. Drozd_
                                                                          DALE A. DROZD
                                                                          UNITED STATES DISTRICT JUDGE

4